PENNIE LANIER BARFIELD, INDIVIDUALLY, AND EDDIE BARFIELD, JESSIE CAROLYN BARFIELD, AND HELEN LANIER (MINORS), BY AND THROUGH THEIR GUARDIAN AD LITEM, PENNIE LANIER BARFIELD v. LANCE CORPORAL PAUL LESLIE FORTINE

No. 728SC261

(Filed 28 June 1972)

1. Trial § 52— setting aside verdict — inadequate award

Trial court did not abuse its discretion in refusing to set aside a verdict awarding minor plaintiffs the amounts of their medical expenses.

2. Automobiles § 80— turning vehicle — contributory negligence

Issue of plaintiff's contributory negligence was properly submitted to the jury where there was evidence tending to show that the accident occurred while defendant was attempting to pass plaintiff's vehicle, and that the front of plaintiff's vehicle was in the left lane at the time of impact, and plaintiff testified that she first saw defendant's car when it was some 300 yards behind her, that she turned on her signal lights and reduced her speed to make a turn, and that the next time she saw defendant's car was when she struck it.

APPEAL by plaintiffs from Tillery, Judge, 4 October 1971 Civil Session, Superior Court, GREENE County.

All plaintiffs were occupants of an automobile owned and driven by Pennie Lanier Barfield. All of them except Pennie Barfield were minors. Pennie Barfield individually and as guardian ad litem brought this action to recover damages to her automobile and damages for personal injuries to her and the minor plaintiffs, allegedly sustained as the result of the negligent operation of his automobile by defendant. Defendant denied negligence, pleaded the contributory negligence of Pen-

nie Barfield, counterclaimed for the damages to his automobile, and by way of cross action against Pennie Barfield asked that she be made an additional party defendant for contribution. As to the cross action for contribution, Pennie Barfield moved for summary judgment alleging that the minor plaintiffs Jessie Carolyn Barfield and Helen Lanier were her daughters and could not maintain an action against their parent to recover for negligent injury. The motion was allowed and no exception was taken. When the matter came on for trial, Eddie Barfield, stepson of Pennie Barfield, moved to amend the pleadings to show that he was not a minor and was capable of bringing his action in his own name. The motion was allowed, and, by stipulation, the cause of action of Eddie Barfield was severed for trial from the other plaintiffs because of the existence of the cross action over and against the additional defendant Pennie Barfield. The matter proceeded to trial upon the claim of Pennie Barfield and the minor plaintiffs and the counterclaim of defendant. At the conclusion of all the evidence, plaintiff Pennie Barfield moved for a directed verdict on defendant's counterclaim, and the motion was allowed. Defendant did not except. The jury answered the issues of defendant's negligence and Pennie Barfield's contributory negligence in the affirmative and awarded Helen Lanier $11 as damages for her personal injuries and Jessie Carolyn Barfield $13 as damages for her personal injuries. In each instance the amount awarded was the total medical bill. Plaintiffs appealed.

*Turner and Harrison, by Fred W. Harrison, for plaintiff appellants.*

*Wallace, Langley, Barwick and Llewellyn, by P. C. Barwick, Jr., for defendant appellee.*

MORRIS. Judge.

[1] Plaintiffs first assign as error the failure of the court to set the verdict aside as being contrary to law and against the weight of the evidence. Appellants concede that this motion is addressed to the discretion of the court. They direct us to nothing indicating abuse of discretion nor do we find any in the record. The minor plaintiffs showed no damages other than their medical bills. This assignment of error is overruled.

Assignments of error Nos. 2, 3, 5 and 6 are directed to certain portions of the charge of the court. The exceptions do

not give us any indication of what the appellants contend the court should have charged, nor does the brief cite any authority to support appellants' position. Nevertheless, we have carefully examined the charge and find no error sufficiently prejudicial to warrant a new trial.

[2] Appellants' remaining assignments of error raise the question of whether an issue on Pennie Barfield's contributory negligence should have been submitted to the jury. The collision occurred as the two cars were approaching the intersection of U. S. Highway 258 and Rural Paved Road 1101. Both cars were proceeding in a northerly direction and each was being operated within the speed limit. The collision occurred as defendant was attempting to pass Pennie Barfield. There were solid yellow lines in the right lane of traffic at the area, but there is no evidence clearly indicating exactly where the collision occurred with respect to the solid line. There was evidence that at the time of impact the front of the Barfield car was in the left lane of traffic, and the defendant was in the left lane passing. Pennie Barfield testified that she first saw defendant's car when it was some 300 yards behind her, that she turned on her signal lights and reduced her speed to make a turn, and that "[t]he next time I saw his car was when I struck him." We think this evidence is sufficient to allow, but not compel, the jury to find that Pennie Barfield was contributorily negligent. The issue was properly submitted to the jury.

No error.

Judges VAUGHN and GRAHAM concur.